UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

FUGUAN LOVICK,

                                    Defendant.

---

18-CR-834-5 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received a motion, Dkt. 523 ("Motion"), and accompanying memorandum of law, Dkt. 524 ("Memorandum"), from defense counsel, seeking defendant Fuguan Lovick's compassionate release from the Metropolitan Correctional Center ("MCC") in Manhattan, New York, pursuant to 18 U.S.C. § 3582(c), in light of the ongoing COVID-19 pandemic. The Government opposes this motion. Dkt. 528 ("Govt. Opp.").

Lovick, an associate of the Nine Trey Gangsta Bloods gang ("Nine Trey"), was arrested by state authorities on May 6, 2018, and has been held in custody since. Lovick was transferred to federal custody in November 2018. *See* Mem. at 3. On May 9, 2019, Lovick pled guilty to one count of commission of a violent crime in aid of racketeering ("Count Six") and one count of brandishing a firearm in furtherance of a violent crime ("Count Seven"). *Id.* The plea agreement calculated a Stipulated Guidelines Range of 90 to 96 months with a mandatory minimum of 84 months. Govt. Opp. at 2. On February 12, 2020, the Court sentenced Lovick to one month imprisonment on Count Six and 84 months on Count Seven, to be served consecutively, followed by a term of three years of supervised release. *See* Dkt. 423.

On August 17, 2020, Lovick moved for a modification of his sentence on grounds relating to the COVID-19 pandemic.  *See* Mot.  Lovick asks the Court for compassionate release, or, in the alternative, a reduction of his sentence by two years.  Mem. at 2.  He argues that various factors support his release in light of COVID-19, including extended lockdown and other conditions at the MCC, and that his ethnic background puts him at increased risk of contracting COVID-19 and developing a serious illness.  *Id.* at 6–13.

On August 21, 2020, the Government filed its opposition.  Govt. Opp.  It opposes early release on the bases that Lovick does not have a health condition that would place him at higher risk of COVID-19, that Lovick may pose a risk to public safety, and that Lovick's release would result in a sentence that is not compatible with the 18 U.S.C. § 3553(a) factors.  *Id.* at 5–6.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf," a court may grant early release if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).  The Government does not dispute that Lovick has fully exhausted all administrative remedies.  *See* Govt. Opp. at 2 ("On or about June 23, 2020, the warden of the MCC denied the defendant's request [for early release or home confinement].").

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence.  *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)).  Relevant here,

2

the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[1]  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement.  *Id.* § 1B1.13(2)–(3).

　　The Court has found the first of these factors to favor many defendants' early release. The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation.  It presents a clear and present danger to free society for reasons that need no elaboration.  The crowded nature of federal detention centers such as the MCC present an outsize risk that the COVID-19 contagion, once it gains entry, will spread.[2]  For these reasons, in the past several months, numerous courts, including this one, have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of inmates serving federal sentences.[3]  Lovick's case is different, however.  As the Government

---

[1] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *Ebbers*, 432 F. Supp. 3d at 422–23, 427.

[2] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

[3] *See, e.g.*, *United States v. Chandler*, No. 19 Cr. 867 (PAC), 2020 WL 1528120, at *1–3 (S.D.N.Y. Mar. 31, 2020) (granting bail application, pursuant to 18 U.S.C. § 3142(i), of

notes, Lovick does not suffer from any health condition that would make him high-risk for developing a serious illness from COVID-19.  Govt. Opp. at 5.  Instead, his argument is solely that his racial and ethnic background makes it statistically more likely than otherwise that he will one day develop COVID-19 or a health condition that would make him susceptible to COVID-19.  Mem. at 13.  Lovick undisputedly has access to medical care at the MCC.  Govt. Opp. at 5.  The Court is unpersuaded on this record that Lovick's circumstances qualify as "extraordinary and compelling" so as to make him potentially eligible for early release.

Nevertheless, even viewing this threshold factor in Lovick's favor, a reduction in his sentence is not supported for two independent reasons.

---

defendant charged with being a felon in possession of a firearm); *United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Hernandez*, No. 19 Cr. 169 (VM), 2020 WL 1503106, at *1 (S.D.N.Y. Mar. 30, 2020) (granting bail application, pursuant to § 3142(i), of 64-year-old defendant with asthma and high blood pressure that placed him "at a substantially heightened risk of dangerous complications should he contract COVID-19"); *United States v. Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2–3 (S.D.N.Y. Mar. 26, 2020) (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded to a narcotics offense); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application, pursuant to § 3142(i), of 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19"); *United States v. Knox*, No. 15 Cr. 445 (PAE), Dkt. 1088 (S.D.N.Y. Apr. 10, 2020) (granting compassionate release motion, pursuant to 18 U.S.C. § 3582(c), of defendant who had less than seven months left to serve out of 88-month sentence); *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. Apr. 6, 2020) (ordering compassionate release of defendant with Crohn's disease who had served all but 34 days of a 4-month sentence); *see also United States v. Stephens*, — F. Supp. 3d —, No. 15 Cr. 95, 2020 WL 1295155 (AJN), at *3 (S.D.N.Y. Mar. 19, 2020) (granting defendant's request for reconsideration of bail conditions and releasing him to home confinement, while noting that, in the alternative, § 3142(i) would necessitate his temporary release).

First, the Court cannot find that Lovick "is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).  The underlying conduct that led to Lovick's sentence in this case gravely endangered the safety of the community.  As a member of the Nine Trey gang, on April 21, 2018, Lovick fired a gun over the heads of rival gang members at the crowded Barclays Center prior to a public boxing match.  Sentencing Tr. at 20–21.  The Court noted that this act "was in the service of a destructive, violent, and antisocial gang that . . . often engaged in violence at other public places."  *Id.* at 22.  Although the Court found significant that Lovick deliberately fired over the heads of the rival gang members present and was not aiming at a person, his conduct easily could have instigated additional shots or escalated into a brawl.  *Id.* at 21.  To be sure, the successful prosecution of various local leaders of and participants in the Nine Trey gang has made it unlikely that the circumstances under which Lovick was inspired to fire a gun in public will recur.  Nonetheless, the Court cannot be fully confident that Lovick, if released today, relatively early in his term of imprisonment, would not resort again to crime or violence.

Second, the Court cannot find that the application of the § 3553(a) factors favors an early release.  Two of these factors—the "history and characteristics of the defendant," and "the need to provide the defendant with needed . . . medical care."  18 U.S.C. § 3553(a)—often favor a defendant's early release where the defendant has a condition making him unusually vulnerable to COVID-19.  Even assuming that was so here—although, as noted, Lovick does not have any such condition—they are clearly outweighed by the combined force of several other factors: "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the

offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."

Lovick was sentenced to an aggregate term of 85 months in prison, a month above the mandatory minimum sentence of 84 months in prison required by statute.  The Court explained at length at sentencing why the § 3553(a) factors—specifically, the need for just punishment, the need for specific and general deterrence, and the interest in protecting the public—required a sentence along these lines, and why no shorter sentence would reasonably accommodate these factors.  *See generally* Sentencing Tr. at 19–26.  These considerations remain apt.  Crediting Lovick for time served back to May 6, 2018, the date he was arrested by state authorities, Lovick has served 27 months, or less than one third, of his term of incarceration.  To release Lovick this early in his term—nearly four years before his scheduled release date of May 16, 2024, *see* Govt. Opp. at 2—would disserve the important § 3553(a) factors undergirding the sentence imposed. For this reason, the Court has denied compassionate release applications by various defendants, including co-defendants of Lovick's, which were made relatively early in their prison terms, even where the defendant had a condition indicative of heightened vulnerability to COVID-19. *See, e.g.*, *United States v. Denard Butler*, No. 18 Cr. 834 (PAE), Dkt. 461 (S.D.N.Y. Apr. 7, 2020) (denying compassionate release motion for low-ranking Nine Trey defendant diagnosed with asthma where defendant had served only 15 months of a 60-month sentence); *United States v. Roland Martin*, No. 18 Cr. 834 (PAE), Dkt. 465 (S.D.N.Y. Apr. 10, 2020) (denying compassionate release motion for high-ranking Nine Trey defendant who was still recovering from a collapsed lung where defendant had served only 16 months of a 66-month sentence); *see also United States v. Credidio*, No. 19 Cr. 111 (PAE), Dkt. 62 (S.D.N.Y. Mar. 30, 2020) (denying, as inconsistent with § 3553(a) factors, compassionate release motion for reduction of

6

sentence to home confinement for recently sentenced 72-year-old defendant where defendant had served only two months of a 33-month sentence).

In contrast, Lovick's circumstances are distinct from those of the various defendants whose compassionate release the Court has granted in recent months in recognition of the changed circumstances presented by COVID-19.  These defendants suffered from gravely concerning medical ailments and/or had served a substantially greater proportion of their sentences, such that the Court found the sentence resulting from a grant of compassionate release consistent with the § 3553(a) factors.  *See, e.g.*, *Knox*, No. 15 Cr. 445 (PAE), Dkt. 1088 at 2–4 (ordering compassionate release of defendant who had served all but seven months of an 88-month sentence); *Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 at 2–4 (same for defendant who had served all but 34 days of a four-month sentence); *Hernandez*, 2020 WL 1684062, at *3 (same for defendant who had served 17 months of a 24-month sentence and was scheduled for release in four months).  That is not so here.

Accordingly, finding that the § 3553(a) factors do not support a reduction of sentence, the Court denies Lovick's motion for compassionate release or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: September 2, 2020
       New York, New York