# MAHER & PITTELL, LLP

ATTORNEYS AT LAW

| | |
|---|---|
| *Reply To:* | *Long Island Office* |
| **42-40 Bell Blvd, Suite 302** | **10 Bond St, Suite 389** |
| **Bayside, New York 11361** | **Great Neck, New York 11021** |
| **Tel (516) 829-2299** | **Tel (516) 829-2299** |
| *jp@jpittell.com* | *jp@jpittell.com* |

May 9, 2022

Hon. Paul A. Engelmayer
U.S. District Court
40 Foley Sq.
New York, NY 10017

Re:   *US v. Jones, et al* {Fuguan Lovick} 18 Cr 834 (PAE)

Dear Judge Engelmayer:

I was counsel for Fuguan Lovick, a defendant in the above referenced matter.

Previously, Mr. Lovick pled guilty to Assault With a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. §1959(a)(3), and Brandishing a Firearm During and in Relation to a Crime Violence, in violation 18 U.S.C. §924(c)(1)(A)(ii).  Thereafter, he was sentenced to an aggregate term of eighty-five months incarceration.  He is currently in custody serving his sentence.

I was recently contacted by Mr. Lovick inquiring about whether he is entitled to habeas, or other, relief pursuant to the Supreme Court's ruling in *Borden v. U.S.*, 141 S.Ct. 1817 (2001).  Based upon my review of *Borden*, and subsequent rulings based upon its holding, it is my belief that Mr. Lovick has a good faith basis to assert a habeas claim premised upon *Borden*.

The decision in *Borden* was issued on June 10, 2021.  As such, under AEDPA, if Mr. Lovick seeks to file a *Borden* based habeas claim, he must do so by June 10, 2022.

I recognize the scope of my appointment in the underlying criminal case does not encompass representation in a habeas proceedings and that appointment of counsel in a habeas proceeding is subject to the Court's discretion.  Nonetheless, I still believe it is my obligation, as his former counsel, to follow up on his inquiry.

In light of the upcoming deadline, and in order to protect his rights, I respectfully request I be appointed as counsel to at least prepare and file a "placeholder" petition on behalf of Mr. Lovick.  This petition will specify that Mr. Lovick asserts a *Borden* claim and that submission of

1

a supporting memorandum of law will follow at a later date.  I make this request due to the timing of this matter (with the deadline one month away) to ensure Mr. Lovick's rights will be preserved by the timely filing of the placeholder petition.  Thereafter, I will defer Your Honor's discretion as to whether I should be appointed to continue as counsel, to prepare the follow up memorandum, or whether Mr. Lovick must proceed *pro se.*

                                        Respectfully submitted,
                                        /s/
                                        Jeffrey G. Pittell

cc:     AUSA of record by ECF
        Fuguan Lovick