UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
UNITED STATES OF AMERICA,

v.

FUGUAN LOVICK,
                    Defendant.
-------------------------------------------------------

**MOTION UNDER
28 U.S.C. §2255**

18 cr 834 (PAE)

      Petitioner FUGUAN LOVICK, by his undersigned counsel hereby files this Habeas Petition which seeks relief pursuant to 28 U.S.C. §2255 based upon the claim set forth therein.

Dated:     Bayside, New York
              June 1, 2022

                                                    s/
                                                    Jeffrey G. Pittell
                                                    *Maher & Pittell, LLP*
                                                    42-40 Bell Blvd, Ste. 302
                                                    Bayside, NY 11361
                                                    (516) 829-2299 office
                                                    (516) 977-3003 fax
                                                    jp@jpittell.com

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Southern District of New York |
|---|---|---|

| Name (under which you were convicted): Fuquan Lovick | Docket or Case No.: 18 Cr 834 (PAE) |
|---|---|
| Place of Confinement: FCI LORETTO | Prisoner No.: 86356-054 |

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. | Fuquan Lovick |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court for the Southern District of New York

    (b) Criminal docket or case number (if you know): 18 Cr 834 (PAE)

2. (a) Date of the judgment of conviction (if you know): 2/13/2020

    (b) Date of sentencing: 2/13/2020

3. Length of sentence: 85 months

4. Nature of crime (all counts):

    Count Six:  Assault With a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. §1959(a)(3)

    Count Seven:  Using, Brandishing a Firearm During and in Relation to a Crime Violence, in violation 18 U.S.C. §924(c)(1)(A)(ii).

5. (a) What was your plea? (Check one)

    (1)   Not guilty ❑         (2)   Guilty ☑         (3)   Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    Guilty Plea to Counts Six and Seven.  Other counts dismissed on the date of sentencing.

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ❑        Judge only

1

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ❑   No ☑
8.  Did you appeal from the judgment of conviction?   Yes ❑   No ☑
9.  If you did appeal, answer the following:
    (a) Name of court:
    (b) Docket or case number (if you know):
    (c) Result:
    (d) Date of result (if you know):
    (e) Citation to the case (if you know):
    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ❑   No ☑
        If "Yes," answer the following:
        (1) Docket or case number (if you know):
        (2) Result:

        (3) Date of result (if you know):
        (4) Citation to the case (if you know):
        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ❑   No ☑
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

2

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:       Yes ❑   No ❑
(2)  Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

Petitioner's conviction on Count Seven must be vacated pursuant to Borden v. U.S.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

The legal basis in support of the claim was not available as Borden v. U.S. 141 S.Ct. 1817 (2021) had not yet been decided by the Supreme Court.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO**:

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏    No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏    No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR**:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

8

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    Ground One has not previously been presented in any federal court. It was not previously presented in any federal court because the legal basis for Ground One was not available to Petitioner until the Supreme Court decided Borden v. U.S., 141 S.Ct. 1817 (2021)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ❏   No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

     n/a

    (b) At arraignment and plea:

     Jeffery Pittell, Maher & Pittell, LLP, 42-40 Bell Blvd, Ste. 302, Bayside, NY  11361

    (c) At trial:

     n/a

    (d) At sentencing:

     Jeffery Pittell, Maher & Pittell, LLP, 42-40 Bell Blvd, Ste. 302, Bayside, NY  11361

(e) On appeal:

(f) In any post-conviction proceeding:

n/a

(g) On appeal from any ruling against you in a post-conviction proceeding:

n/a

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑  No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐  No ☑

    (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

> This motion is timely under 28 USC 2255(f)(3) because this petition has been filed within one year of June 10, 2021, the date on which the right asserted in Ground One was initially recognized by the Supreme Court in Borden v. U.S., 141 S.Ct. 1817 (2021), and which has subsequently been recognized being retroactively applicable to cases on collateral review.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>> (1) the date on which the judgment of conviction became final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate Petitioner's conviction and sentence on Count Seven and remand his case for resentencing de novo on Count Six

or any other relief to which movant may be entitled.

                                                                  /s/

Jeffrey G. Pittell                        Signature of Attorney (if any)
Maher & Pittell, LLP, 42-40 Bell Blvd, Ste. 302, Bayside, NY  11361
(516) 829-2299   jp@jpittell.com

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

_____ (month, date, year).

Executed (signed) on _____6/1/2022_____ (date).

                                                           Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

# ADDENDUM TO GROUND ONE

# RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2019, Petitioner, Fuguan Lovick pled guilty to Counts Six and Seven of the above captioned Indictment.

The Indictment charged that Petitioner was a member of Nine Trey, a racketeering enterprise.

Indictment Count Six charged Petitioner with a VICAR assault offense, to wit: Assault With a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. §1959(a)(3). In support of the charge in Count Six, the Indictment alleged that, on April 21, 2018, Petitioner fired a single gunshot at rivals of Nine Trey upon encountering them in Barclays Center in Brooklyn, New York and that the firing of the gun was in violation of New York Penal Law §120.14 (Menacing in the Second Degree).

Indictment Count Seven charged Petitioner with Using, Brandishing a Firearm During and in Relation to a Crime Violence, in violation 18 U.S.C. §924(c)(1)(A)(ii). The predicate crime of violence, corresponding to Count Seven, was the VICAR offense charged in Count Six.

The offense conduct underlying Counts Six and Seven arose out of an April 21, 2018 incident which occurred inside the Barclays Center in Brooklyn, New York. While there, and inside a hallway within the Barclays Center, Petitioner fired a gun into the air. The incident was recorded on a surveillance video. The video depicts Petitioner in a hallway with a group of people who were being aggressively confronted, and likely on the verge of being be attacked, by a larger group of people. The video depicts that, as the encounter was escalating into a potential brawl, Petitioner pulled out a handgun and fired a single shot into the air. The video depicts that, following the firing of the gun, the confrontation ended and the groups dispersed.

Indictment Count Six alleges the specific New York state offense, which is the predicate VICAR offense, is a violation of New York Penal Law Section 120.14 (Menacing in the Second Degree). Menacing in the Second Degree does not have an element which requires the actor to intend to cause physical injury to another person.

The mens rea element of this offense only requires the actor to intentionally place or attempt to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.  As shown in the surveillance video, when Petitioner discharged the gun, it was pointed in the air and not pointed at any person.  The discharge of the gun did not cause any injury, or death, to any person.

On February 13, 2020, Petitioner was sentenced to an aggregate term of 85 months imprisonment.

## DISCUSSION

In *Borden v. United States*, 141 S.Ct. 1817 (2021) the Supreme Court held that a crime which can be committed with a mens rea of recklessness cannot qualify as a "violent felony" under the Armed Career Criminal Act's ("ACCA") "elements" or "force" clause 18 U.S.C. §924(e)(2)(B)(i).  141 S.Ct. at 1825.  Following *Borden*, Courts' have retroactively applied *Borden* in granting habeas relief including vacating convictions pursuant to 18 U.S.C. §924(c) -- which has the same "elements" or "force" clause as ACCA -- where the predicate crime of violence was a VICAR assault offense.  *See, e.g., U.S. v. Toki*, 23 F.4th 1277 (4th Cir., Jan. 21, 2022) (Granting a §2255 habeas petition and holding that "the petitioners' predicate assault convictions under the Violent Crimes in Aid of Racketeering statute ("VICAR"), 18 U.S.C. § 1959, cannot support their separate convictions under § 924(c).")

Based upon the forgoing, the holding in *Borden* provides Petitioner with a good faith basis to seek habeas relief providing vacatur of his conviction and sentence on Count Seven and, thereafter, being resentenced, *de novo*, on Count Six.  Due to this circumstance, and due to the timing of this matter (with Petitioner's habeas filing deadline being on June 10, 2022), by letter motion dated May 9, 2022, the undersigned counsel requested leave to be appointed counsel for the limited purpose of a filing as placeholder habeas petition in order to assert, and preserve, any claim for habeas relief that Petitioner may have pursuant to *Borden*. Accordingly, this Petition is filed as a placeholder petition to ensure Petitioner's rights have been timely preserved.

Following the Court's review of this placeholder petition, in the event the Court appoints the undersigned as counsel for all proceedings on this habeas claim, then the

undersigned counsel respectfully requests leave to supplement this Petition by filing a supplemental supporting memorandum of law or a reply memorandum in response to any opposition which may be filed by Respondent. In the event, the Court declines to appoint counsel, then Petitioner respectfully requests leave to supplement this Petition with a *pro se* supplemental or reply memorandum of law.

## CONCLUSION AND REQUEST FOR RELIEF

Due to the VICAR assault offense, charged in Count Six, not being a predicate crime of violence for the §924(c) offense charged in Count Seven, this §2255 motion must be granted and Petitioner's conviction on Count Seven must be vacated and the case remanded for resentencing, *de novo*, on Count Six.