UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FUGUAN LOVICK,

Petitioner

-against-

22 cv 4526 (PAE)

UNITED STATES OF AMERICA,

Respondent.
-----------------------------------------------------------X

-----------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

18 cr 834 (PAE)

FUGUAN LOVICK,

Defendant.
-----------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 18 U.S.C. §2254**

Jeffrey G. Pittell
**MAHER & PITTELL, LLP**
*Attorneys for Petitioner*
42-40 Bell Blvd., Ste. 302
Bayside, New York 11361
(516) 829-2299

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FUGUAN LOVICK,
Petitioner

-against-

22 cv 4526 (PAE)

UNITED STATES OF AMERICA,

Respondent.
----------------------------------------------------------X
----------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

18 cr 834 (PAE)

FUGUAN LOVICK,

Defendant.
----------------------------------------------------------X

**PRELIMINARY STATEMENT**

This Reply Memorandum of Law is submitted on behalf of Fuguan Lovick in further support of his Petition, dated June 1, 2021, wherein he seeks issuance of a writ of habeas corpus based upon the Supreme Court's holding in *Borden v. U.S.*, 141 S. Ct. 1817 (2021) (the "Petition") (Civil ECF Doc. 1) and in response to the Government's Letter dated, August 18, 2022 submitted in opposition to the Petition (the "Government's Opposition") (Criminal ECF Doc. 653).

## REPLY DISCUSSION

*The Applicable Habeas Standard*

A person in federal custody may file a habeas petition, before the District Court where the petitioner was sentenced, seeking relief and resentencing based "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The sentencing District Court must correct the sentence if "the sentence imposed was not authorized by law or otherwise open to collateral attack, or . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b).

***The Holding in Borden***

In *Borden v. U.S.*, 141 S. Ct. 1817 (2021), the Supreme Court further refined the definition of the term "violent felony" ("VF") which is a predicate offense element of 18 U.S.C. §924(e) ("ACCA").

Relevant to the matter at bar, the ACCA definition of a VF, is set forth in a clause often referred to as the "elements clause." It states an ACCA VF is an offense

which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. §924(e)(2)(B)(i).

This same exact language is also set forth in the corresponding "elements clause" defining the "crime of violence" ("COV") predicate element of 18 U.S.C. §924(c). Specifically, this clause states "for purposes of this subsection the term "crime of violence" means an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . ." 18 U.S.C. §924(c)(3).

As such, the elements clauses in both an ACCA VF and a §924(c) COV are exactly the same. Accordingly, the Supreme Court's interpretation of the VF elements clause will also apply to the §924(c) COV elements clause.

*Borden* narrowed the scope of an ACCA VF by holding it cannot be an offense which has a *men rea* based upon recklessness. 141 S.Ct. at 1834. In addition to clarifying the *mens rea* requirement, *Borden* indicated the intent of the offense must be aimed at causing the physical injury to another person (or property of another). "The critical context here is the language that "against another" modifies—the "use of physical force." *Id.*, at 1826. In further emphasizing that the *mens rea* of the offense must be intended to cause physical injury to a person, the Supreme Court reiterated:

> And so we would say again today. For the *mens rea* requirement we find in ACCA's elements clause does not come from the word "use." It instead comes from modifying language that is missing in the domestic-violence provision (and missing, too, in the Government's argument): "against the person of another." *Id.*, at 1833.

By this language, it is apparent that *Borden* has characterized the *mens rea* of an ACCA VF as one intended to cause <u>physical harm</u> to a person.

In addition, *Borden* reaffirmed the employment of the Categorical Approach to determining whether commission of an offense (for example, one under state law) can be deemed an ACCA VF (and therefore a §924(c) COV) under the elements clause. Regarding the application of the Categorical Approach, the Court indicated:

> To decide whether an offense satisfies the elements clause, courts use the categorical approach. *See Stokeling* v. *United States*, 139 S.Ct. 544, 555 (2019)[other case citations omitted]. Under that by-now-familiar method, applicable in several statutory contexts, the facts of a given case are irrelevant. The focus is instead on whether the elements of the statute of conviction meet the federal standard. Here, that means asking whether a state offense necessarily involves the defendant's "use, attempted use, or threatened use of physical force against the person of another." §924(e)(2)(B)(i); *see Shular* v. *United States*, 140 S.Ct. 779, 783–84 (2020)[other case citations omitted]. If any -- even the least culpable -- of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard, and so cannot serve as an ACCA predicate. *See Johnson v. United States*, 559 U.S. 133, 137, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010).
> *Id.*, at 1823.

***Procedural Default***

The Government's Opposition claims that Mr. Lovick is barred from asserting his Claim in the Petition because he has procedurally defaulted the Claim.

As indicated above, and in the Petition, the Claim set forth in the Petition is based upon the Supreme Court's ruling in *Borden*. In *Borden* the Supreme Court expanded the reach of its prior holdings in *Johnson v. U.S.*, 576 U.S. 591, 606 (2015), and *U.S. v. Davis*, 139 S. Ct. 2319, 2326 (2019). *See, Borden*, 141 S. Ct. 1823, 1834 fn. 2 (dissent). *Johnson* and *Davis* narrowed the definition of an ACCA VF and a §924(c) COV by holding that a prior provision within the definitions of these offenses -- often referred to as the "residual clause" -- was unconstitutional. *Id.* As a result:

> After *Davis*, an offense only constitutes a "crime of violence" upon which a § 924(c) conviction may be predicated if the offense satisfies the "elements clause" of the definition, which requires the felony offense to have "as an element the use, attempted use, or threatened use of physical force against the person or property of another.
> *U.S. v. Smith*, 2022 WL 1538706 *9 (DDC May 12, 2022).

Following the issuance of the decisions in *Johnson* and *Davis*, the Government, as it does in the matter at bar, claimed that subsequent habeas petitioners, who sought relief based upon these decisions, had procedurally defaulted their claims. *See e.g., Aquino v. U.S.*, 2020 WL 1847783, SDNY, PKC, May 6, 2020 (rejecting the Government's argument that a *Johnson/Davis* habeas claim was procedurally defaulted), *Speed v. U.S.*, 2020 WL 7028814, SDNY, PKC, November 30, 2020

(same). In rejecting these arguments, the District Court (the Hon. Kevin P. Castel) presiding over both of these habeas petitions found that cause existed for the default because Second Circuit case law foreclosed their claims and that prejudice was demonstrated because the petitioners were convicted under statutes found to be unconstitutional. *Id.* As such, Judge Castel addressed the merits of the *Johnson/Davis* based habeas claims. *Id*.

Similarly, following the issuance of *Borden*, courts have reached the merits of habeas claims based upon *Borden*. *See e.g., U.S. v. Hoxworth*, 11 4th 693(8th Cir. 2021) (granting a habeas petition, based upon *Borden*, where the Government conceded the petitioner's ACCA conviction was invalid due to one of his predicate offenses being based upon aggravated assault, under Texas law, which can be committed recklessly), *see also, Smith*, 2022 WL 1538706 (DDC May 12, 2022). In *Smith*, the Court rejected the very same arguments -- regarding procedural default -- asserting in the Government's Opposition. It held:

> The government's position that defendant's failure previously to assert his current challenge to his § 924(c) convictions renders that challenge procedurally barred, is easily dispatched. The constitutional right vindicated by the *Johnson* line of cases, culminating in *Davis*, was unforeseeable, and "no one -- the government, the judge, or the defendant -- could reasonably have anticipated" the decision. *United States v. Redrick*, 841 F.3d 478, 480 (D.C. Cir. 2016). *Johnson* overruled two prior Supreme Court decisions, *James v. United States*, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007), and *Sykes v. United States*, 564 U.S. 1, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011), *see Johnson*, 576

> U.S. at 606, 135 S.Ct. 2551, making defendant's instant motion securely positioned in *Reed*'s first example of novelty.
>
> The prejudice to defendant is also clear. If any of the predicate offenses for defendant's §924(c) convictions fails to qualify as a crime of violence—and the government concedes that at least one of them does, [reference omitted] then defendant's sentence is, in all likelihood, at least twenty years too long. The government's effort to foreclose the *Johnson* avenue to relief through procedural default thus fails.
> *Smith*, 2022 WL 1538706 *7

Based upon the foregoing, this Court should not deem Mr. Lovick's Claim as procedurally defaulted due to the constitutional right -- as vindicated by the *Johnson/Davis* line of cases and which gave rise to the ruling in *Borden* -- was an unforeseeable one on which no one could reasonably have anticipated. In addition, Mr. Lovick has suffered prejudice due to his being subjected to a mandatory minimum sentence of seven years on Count Seven. Accordingly, this Court should address the merits of Mr. Lovick's Claim.

### ***Merits Discussion***

Mr. Lovick pled guilty to two of the counts (Count Six and Count Seven) charged in the above captioned Indictment. Count Six charged a violation of 18 U.S.C. §1959(a) ("VICAR"). Count Seven charged a violation of 18 U.S.C. §924(c).

In Count Seven, the Indictment states the VICAR offense, charged in Court Six, is the predicate COV for the §924(c) offense charged in Count Seven.

In pertinent part, the VICAR statute states:

> Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual **in violation of the laws of any State**, or the United States, or attempts or conspires to do so . . . 18 U.S.C. §1959(a) (emphasis added).

The Government's Opposition contends the conduct, which comprises the VICAR offense, is "attempted assault with a dangerous weapon" in violation of the law of the State of New York. Govt. Opp. pp. 6-7. It specifies the corresponding New York state crime, which comprises the VICAR attempted assault with a dangerous weapon, is the New York State crime of Menacing in the Second Degree in violation of New York Penal Law §120.14(1) ("Menacing"). *Id.*

The Menacing in the Second Degree statute, in pertinent part, states:

> A person is guilty of menacing in the second degree when:
>
> 1. He or she intentionally **places or attempts to place another person in reasonable fear** of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm;
>
> . . .
>
> New York Penal Law, §120.14(1) (emphasis added).

Tracking the elements of the offense, the New York Criminal Jury instructions state the elements of Menacing in the Second Degree are as follows:

1. the defendant, **placed or attempted to place another person in reasonable fear** of physical injury, serious physical injury, or death, by displaying a deadly weapon, dangerous instrument, or what appeared to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; and

2. That the defendant did so intentionally

*See* NY Criminal Jury Instructions, CJI2d, Penal Law Article 120 (emphasis added)[1]

Applying the Categorical Approach to the definition of Menacing, it is readily apparent that it does not fit within the definition of an ACCA VF (and a §924(c) COV) as narrowed by *Borden.* In particular the minimum conduct needed to establish the elements of Menacing encompass conduct aimed at causing a different type of harm than the one intended to be caused by an ACCA VF as defined by *Borden*.

Moreover, in order to commit the offense of Menacing one does not need to have a *mens rea* intending to cause *physical harm* to a person. As set forth in the statutory elements, and jury instruction, the *mens rea* needed to commit Menacing is to merely an intent to cause a person to feel a reasonable fear of harm. Unequivocally, the Menacing *mens rea* (intending to cause fear) and the ACCA VF *mens rea* (intending to cause physical harm) categorically correspond to intents aimed at

---

1 *http://www.nycourts.gov/judges/cji/2 PenalLaw/120/art120hp.shtml*

causing two separate and distinct types of harm. The intent of Menacing is to cause psychological harm, to wit: fear. Whereas, the intent of an ACCA VF is to cause physical harm, to wit: bodily injury to a person. The difference between these intents is amply illustrated by what happened in the matter at bar. When Mr. Lovick fired in the gun in the air, his intent was to induce fear into his assailants. However, by firing the gun in the air (instead of at the assailants), he did not intend to cause physical harm to assailants. The categorical distinction between Menacing and ACCA AF is further evident by the fact that conduct comprising an ACCA VF could be charged as Menacing in the Second Degree. However, not all conduct comprising Menacing in the Second Degree could be charged as an ACCA VF. As such, the elements of Menacing in the Second Degree are categorically broader than the elements clause of an ACCA VF.

## CONCLUSION AND REMEDY

Based upon the foregoing, the appropriate habeas remedy is issuance of an Order which: 1) vacates Mr. Lovick's convictions on Courts Six and Seven; 2) dismisses his conviction on Count Seven; and, 3) resentences him, *de novo*, on Count Six.

Dated: September 12, 2022
Bayside, NY

Respectfully submitted,
/s/
Jeffrey G. Pittell

cc: Michael Longyear, AUSA
Fuguan Lovick